IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROY SORENSON,

     **Plaintiff,**

v.                                                                    Case No. 8:25-cv-2317-KKM-TGW

METHOD TESTING
LABORATORIES, LLC,

     **Defendant.**

                       /

METHOD TESTING
LABORATORIES, LLC,

Counter-Plaintiff,

v.

ROY SORENSON,

Counter-Defendant.

                       /

## JOINT MOTION FOR APPROVAL OF FAIR LABOR STANDARDS ACT SETTLEMENT AND DISMISSAL WITH PREJUDICE

Plaintiff, ROY SORENSON ("Plaintiff"), and Defendant, METHOD TESTING LABORATORIES, LLC ("Defendant") by and through their respective undersigned counsel, jointly move the Court to approve the Parties' settlement under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and to dismiss this action with prejudice. In support, the Parties state as follows:

**I.      Introduction and Procedural Background**

1

On August 13, 2025, Plaintiff filed this action against Defendant, asserting claims for breach of contract, civil theft, breach of fiduciary duty, fraud in the inducement, conversion, violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), violation of the Fair Labor Standards Act ("FLSA") for unpaid overtime, and FLSA retaliation. (Doc. 1-1).

Defendant thereafter removed the action to this Court (Doc. 1), and filed a motion to dismiss Plaintiff's FDUTPA and breach of fiduciary duty claims. (Doc. 2). Defendant also filed an answer and counterclaim seeking declaratory and injunctive relief, as well as statutory penalties. (Doc. 3). Specifically, Defendant asserted counterclaims for conversion, breach of the duty of loyalty, and declaratory and injunctive relief relating to a UCC-1 financing statement filed by Plaintiff. (Doc. 3).

Plaintiff filed an Amended Complaint on November 7, 2025. (Doc. 7). On November 20, 2025, Defendant filed a motion to dismiss the Amended Complaint. (Doc. 27).  In that motion, Defendant argued that Plaintiff was exempt from the FLSA's overtime requirements and, alternatively, that if Plaintiff were found to be non-exempt, his claim for time-and-one-half overtime compensation would fail as a matter of law under the fluctuating workweek method. See 29 C.F.R. § 778.114. (Doc. 27).

Following the exchange of documents and information, and after a Court-ordered mediation at which the Parties reached an impasse, the Parties continued to engage in arm's-length settlement negotiations through counsel. Those negotiations

2

resulted in a complete resolution of this case. The Parties therefore jointly request approval of their settlement and dismissal of this action with prejudice.

## II.    Factual Background and Nature of Dispute

Plaintiff was employed by Defendant as a Senior Lab Director from April 19, 2021, through April 16, 2025. In 2025, Plaintiff's annual salary was $165,000. (Doc. 24, ¶ 5).  At the outset of his employment, Plaintiff received an offer letter setting forth certain terms of his employment, including his salary, eligibility for an Annual Incentive Plan ("AIP"), and an initial stock grant. (Doc. 24, Ex. A). Plaintiff accepted the offer letter on March 30, 2021. (Id.).

Plaintiff alleged that he was a non-exempt employee and that he worked, on average, 79 hours per workweek. Among other alleged damages, Plaintiff claimed he is owed approximately $832,000 in unpaid overtime compensation, plus an additional $832,000 in liquidated damages. However, Plaintiff conceded during the litigation that he is exempt pursuant to the Highly Compensated Employee Exemption.

Defendant denies any liability under the FLSA.  Defendant maintained that Plaintiff's position as Senior Lab Director was exempt from the FLSA's overtime requirements under the highly compensated employee exemption. Defendant further disputed Plaintiff's calculation of the alleged overtime at issue and contended that Plaintiff was not owed any overtime compensation, did not work an average of 79 hours per workweek, and that any uncompensated time was de minimis. Defendants also contended that any acts or omissions were undertaken in good faith and with reasonable grounds to believe they complied with the FLSA. Accordingly, the Parties

recognize that a bona fide dispute existed as to both liability and damages. However, after Plaintiff's deposition, Plaintiff conceded he was exempt.

### III.    The Settlement

As a result of good-faith negotiations between experienced counsel, which followed a March 19, 2026, Court-ordered mediation, the Parties reached an agreement to resolve and settle Plaintiff's FLSA claim. The Parties subsequently prepared a signed Settlement Agreement and Release that memorialize the terms and conditions of the FLSA settlement. As set forth in the Settlement Agreement, the Parties agreed to resolve this matter for the total sum of $500.00, allocated as follows:

i.    $500.00 to Plaintiff for alleged overtime wages;

The settlement of Plaintiff's FLSA claims does not include confidentiality or other provisions that would undermine its fairness.  A copy of the Parties' Settlement Agreement is attached as Exhibit A.

### IV.    Fairness and Reasonableness of the Compromise

The Parties jointly submit that their settlement is a fair and reasonable solution of the dispute between the Parties.  Pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), an FLSA settlement requires court approval to ensure it constitutes a fair and reasonable resolution of a bona fide dispute. Courts typically consider: (1) the existence of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and amount of discovery completed; (4) the probability of success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel. *Id.* at 1353-55.

Here, all such factors favor approval. The case involved contested issues of coverage, hours worked, method of calculating overtime, and exempt status. Plaintiff's claimed range of recovery—based on his calculations– was $832,000 for wages and $832,000.00 for liquidated damages, while Defendant maintained that he was owed nothing.   However, after his deposition Plaintiff conceded he was exempt from the requirements of the FLSA due to the Highly Compensated Employee exemption. (Ex A, ¶ 2(b)). There is no dispute Plaintiff earned total annual compensation that meets the requirements provided in 29 CFR 5541.601. Plaintiff also conceded during his deposition that his primary duty included performing office and non-manual work. Plaintiff also customarily and regularly performed multiple exempt duties and responsibilities under the executive, administrative, and learned professional exemption (Exhibit B).  Further, the Parties recognized that continuing to litigate this matter would be costly, and result in Defendant receiving summary judgment on Plaintiff's overtime claim. Moreover, Plaintiff was at substantial risk of Defendant's attorney's fees and costs being assessed against him. Therefore, this settlement is a reasonable means for both parties to minimize litigation and avoid the inherent risks associated with further litigation. *Finehout v. BDE Fla. LLC,* No. 8:20-CV-1634-T-60CPT, 2020 WL 8187551, at *3 (M.D. Fla. Dec. 22, 2020)*, report and recommendation adopted,* No. 8:20-CV-1634-T-60CPT, 2021 WL 164966 (M.D. Fla. Jan. 19, 2021).

At all times material hereto, Plaintiff and Defendant have been represented by counsel experienced in the litigation of FLSA claims and the settlement amount and the final Settlement Agreement was the subject of arms-length negotiations in light of Plaintiff's testimony during his deposition. Plaintiff's counsel did not take a fee for Plaintiff's FLSA claim because Plaintiff's counsel did not dedicate any time to disputing the exemption after the filing of the Amended Complaint. Plaintiff's counsel's waiver of attorney's fees was negotiated separately from the $500 settlement sum for Plaintiff. Plaintiff's other claims became the focus of the litigation due to disputed facts regarding the equipment at issue and Plaintiff's offer letter. The settlement was reached through informed discussion following a mediation on March 19, 2026. *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010)("If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable.").

### V.    Dismissal and Retention of Jurisdiction

The Parties jointly request that the Court approve the Settlement Agreement, dismiss this action with prejudice, and reserve jurisdiction for thirty (30) days, if deemed appropriate, solely to enforce the settlement.

### VI.    Conclusion

Because the settlement is a fair and reasonable resolution of a bona fide FLSA dispute, the Parties respectfully request that the Court: (1) approve the Parties' Settlement Agreement; (2) dismiss the underlying action with prejudice; (3) reserve

jurisdiction for thirty (30) days to enforce the settlement; and (4) grant such other relied

as the Court deems just and proper.

DATED: June 15, 2026.

SOUTHRON FIRM, P.A.

/s/Jack Mattson
Joseph F. Southron, Esq.
Florida Bar Number: 122109
Jack Mattson, Esq.
Florida Bar Number 1049079
400 N. Ashley Drive, Suite 1720
Tampa, Florida 33602
joe@southronfirm.com
jack@southronfirm.com
eservice@southronfirm.com

*Attorney for Plaintiff/Counter-Defendant*

FISHER & PHILLIPS LLP

/s/ Brett P. Owens
Brett P. Owens, B.C.S.
Florida Bar No.: 0112677
bowens@fisherphillips.com
Elysse V. Gorney, Esq.
egorney@fisherphillips.com
Florida Bar No.: 1003650
egorney@fisherphillips.com
401 East Jackson Street, Suite 3100
Tampa, FL 33602
Telephone: (813) 769-7500
Facsimile: (813) 769-7501

*Attorney for Defendant/Counter-Plaintiff*

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of this document was filed on June 15, 2026, via the

Court's electronic filing system and also was served to all parties as follows:

Joseph F. Southron, Esq.
Jack Mattson, Esq.
**SOUTHRON FIRM, P.A.**
400 N. Ashley Drive, Suite 1720
Tampa, Florida 33602
joe@southronfirm.com
jack@southronfirm.com
eservice@southronfirm.com

*Attorney for Plaintiff/Counter-Defendant*

*/s/ Brett P. Owens*
Brett P. Owens, B.C.S.
