# EXHIBIT A

**JOINT MOTION FOR APPROVAL**

**FLSA SETTLEMENT AGREEMENT AND RELEASE**

This FLSA SETTLEMENT AGREEMENT AND RELEASE ("FLSA Settlement Agreement") is made by and between ROY SORENSON ("SORENSON") and METHOD TESTING LABORATORIES, LLC ("METHOD"). Throughout this Agreement, SORENSON and METHOD may be collectively referred to as the "Parties," or individually as a "Party." This Agreement shall be effective as of the date this Agreement is fully executed by the Parties (hereinafter referred to as the "Effective Date").

WHEREAS, SORENSON filed a lawsuit pending in the United States District Court, Middle District of Florida, Case No. 8:25-cv-2317 against METHOD alleging, for purposes of the Agreement, claims under the Fair Labor Standards Act ("FLSA") (the "Lawsuit");[1]

WHEREAS, METHOD denies it owes SORENSON overtime compensation or violated the FLSA, or violated any other law; and

WHEREAS, the Parties desire to resolve the Lawsuit in order to avoid the expense and distractions of litigation.

NOW, THEREFORE, FOR VALUABLE CONSIDERATION, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

1.    Definitions

a.    "METHOD" includes its parents, subsidiaries, predecessors, successors, affiliates, owners, members, managers, directors, officers, shareholders, insurers, employees, agents, attorneys, and representatives, both individually and in their official capacities, existing at any time prior to this Agreement, whether known or unknown, from the beginning of the world until the Effective Date of this Agreement.

---

[1] SORENSON asserted additional claims; however, the Parties wish to make clear that this Agreement does not govern the resolution of those claims. It resolves only the overtime claim SORENSON asserted under the FLSA.

1

b.  "SORENSON" includes his heirs, executors, administrators, successors, assigns, and agents.

c.  "Claims" includes all claims and allegations that SORENSON could have brought against METHOD in the Lawsuit related to unpaid wages, whether known or unknown, under all federal, state, and local wage and hour laws (including wage claims under the Florida Constitution, the Fair Labor Standards Act, and the Florida Minimum Wage Act).

2.  <u>Releases</u>

a.  SORENSON knowingly and voluntarily releases and forever discharges METHOD from all Claims that he asserted in the Lawsuit or could have asserted in the Lawsuit associated with the payment of his wages and that he has or may have up to and including the date this Agreement is fully executed by the Parties (the Effective Date) and approved by the Court. This release includes any and all claims for attorney's fees and costs.

b.  SORENSON acknowledges and agrees that his position was exempt under the FLSA due to the Highly Compensated Employee Exemption. After receipt of the sums referenced in paragraph 3 herein, he will have been fully and properly paid for all hours worked; is not currently aware of any facts or circumstances constituting a violation of the FLSA or other federal, state, and local wage and hour laws; and, to the greatest extent permitted by applicable law, waives and releases any and all wage Claims under the FLSA or other federal, state, and local wage and hour laws (including claims under the Florida Constitution and the Florida Minimum Wage Act). The Parties acknowledge and agree that this Agreement and Release is intended to be construed as broadly as possible under the FLSA.

c.  After the execution of this Agreement, the Parties shall file a Joint Motion for Approval of this Agreement and/or conduct a fairness hearing for Approval of this Settlement

2

Agreement.  If the Court approves this Agreement, SORENSON shall dismiss with prejudice his Claims by filing a joint stipulation of dismissal with prejudice of the Lawsuit as it relates to the Claims. By filing the Joint Motion for Approval of this Agreement and/or participating in the fairness hearing, all counsel of record agree SORENSON has been paid for all wage Claims under the FLSA, Florida Constitution, Florida Statutes, and Florida Common Law once he is paid all monies pursuant to this Agreement; and further, that the fees being paid to his counsel are reasonable.

     d.     METHOD makes no representation to SORENSON or his attorneys as to whether any Settlement Sums are subject to taxation by any federal, state, local, or other taxing authorities.  SORENSON agrees to be solely and completely responsible to pay all taxes for which he is legally responsible in connection with the Settlement Sum, whether paid to himself or his attorneys.  Moreover, SORENSON agrees to indemnify METHOD and hold it harmless from any taxes, penalties, or interest imposed against any Settlement Sum or as a result of any failure by SORENSON to pay any taxes for which he is legally responsible in connection with the Settlement Sum.

3.     <u>Settlement Sum and Payments</u>

     a.     In consideration for SORENSON entering into this Agreement and complying with the promises made herein, METHOD shall pay SORENSON, a total sum of Five Hundred Dollars and Zero Cents ($500.00) ("Settlement Sum").  This Settlement Sum shall be paid as follows:  within 10 business days of the latter of:  i) receipt by METHOD'S attorney of the Agreement executed by SORENSON and the associated tax form, ii) Court approval of the Agreement, or iii) Court dismissal of the lawsuit with prejudice, METHOD shall mail the

3

Settlement Sum (less applicable withholdings) via Federal Express to SORENSON's attorney, SOUTHRON FIRM, P.A. at 400 N. Ashley Drive, Suite 1720, Tampa, Florida 33602.

The payment of $500.00 consists of the following:

      i.      $500.00 less statutory withholdings, to SORENSON for alleged back overtime wages, for which SORENSON agrees to provide a current W-4 Form prior to the issuance of this check.

SORENSON understands and agrees that METHOD would not make these payments but for SORENSON entering into this Agreement. SORENSON also understands that METHOD denies his allegations in the lawsuit and maintains multiple defenses in response to the same.

4.     METHOD Denies Any Liability or Wrongdoing

METHOD denies any liability for SORENSON's claims in this Lawsuit. By entering into this Agreement, all Parties deny any liability or wrongful conduct. The Parties have agreed to enter into this Agreement to avoid the cost and uncertainty from continuing to litigate their disputes and Sorenson acknowledges his position was exempt from the requirements of the FLSA pursuant to the Highly Compensated Employee Exemption.

5.     No Participation in Future or Current Claims and Lawsuits

SORENSON hereby agrees not to initiate or continue any action or proceeding or to sue METHOD, or to participate in the same, individually or as a member of a class or collective action, under any contract, law, or regulation, federal, state or local, pertaining in any manner whatsoever to SORENSON's alleged unpaid wages related to work he performed for METHOD, other than an action to enforce the provisions of this Agreement. In the event that either Party commences an action for damages, injunctive relief, or to enforce the provisions of this Agreement, the prevailing party in any such action shall be entitled to an award of its reasonable

4

attorneys' fees and all costs, including appellate fees and costs, incurred in connection therewith as determined by the court in any such actions.

6.      Governing Law and Interpretation

This Agreement and Release shall be governed and conformed in accordance with the laws of Florida without regard to its conflict of law provisions.  Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, the remainder of this Agreement shall remain in full force and effect.  In any claim, charge, complaint or action commenced, joined, brought on behalf of, or participated in by SORENSON related to unpaid wages, SORENSON agrees to notify the government entity or court of the existence of this Agreement and that any such claims he may have had against METHOD have been resolved and released.

7.      Amendment

This Agreement may not be modified, altered or changed except upon express written consent of both Parties wherein specific reference is made to this Agreement, with Court approval.

8.      Entire Agreement.

This Agreement sets forth the entire agreement between the Parties hereto with respect to SORENSON's Claims as defined herein and fully supersedes any prior agreements or understandings between the Parties.

9.      Authorization.

The persons signing this Agreement represent and warrant that they are duly authorized to execute it on behalf of the Parties and to bind said Parties to the terms, conditions, provisions, duties and obligations set forth herein.

10.    <u>Full Reading and Understanding; Opportunity to Consult Counsel</u>.

SORENSON HAS READ THIS ENTIRE AGREEMENT CAREFULLY AND REPRESENTS THAT HE FULLY UNDERSTANDS THE FINAL AND BINDING EFFECT OF THIS AGREEMENT.  SORENSON AGREES THIS AGREEMENT IS WRITTEN IN A MANNER CALCULATED TO BE UNDERSTOOD BY HIM AND THAT IF HE DOES NOT UNDERSTAND ANY PART OF THIS AGREEMENT, HE HAS HAD A FULL OPPORTUNITY TO HAVE IT EXPLAINED TO HIM BY HIS ATTORNEYS.  THE ONLY PROMISES OR REPRESENTATIONS MADE TO SORENSON ABOUT THIS AGREEMENT, OR TO INDUCE SORENSON TO SIGN THIS AGREEMENT, ARE CONTAINED IN THIS AGREEMENT.  SORENSON AGREES THAT HE WAS NOT PRESSURED OR COERCED IN ANY WAY TO SIGN THIS AGREEMENT.  SORENSON IS SIGNING THIS AGREEMENT KNOWINGLY AND VOLUNTARILY AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT AND RELEASE INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE AND HOUR CLAIMS, INCLUDING ANY AND ALL CLAIMS FOR ATTORNEY'S FEES AND COSTS, HE HAS OR MAY HAVE AGAINST METHOD REGARDLESS OF THE DISCOVERY OF NEW FACTS.

IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below:

ROY SORENSON

05/29/2026
Date

By:  Keith Browning

06/10/2026

Its:  CEO

Date

6

METHOD TESTING LABORATORIES, LLC

7

# Settlement. FLSA. Sorensen..docx

Final Audit Report                                    2026-06-10

| | |
|---|---|
| Created: | 2026-06-09 |
| By: | Cara McLain (clmclain@fisherphillips.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAArE1DGiCIM88od0Ui86XmwVWQFjqdRzdl |

## "Settlement. FLSA. Sorensen..docx" History

Document created by Cara McLain (clmclain@fisherphillips.com)
2026-06-09 - 1:19:58 PM GMT

Document emailed to Keith Browning (kabrowning@methodtestinglabs.com) for signature
2026-06-09 - 1:21:04 PM GMT

Email viewed by Keith Browning (kabrowning@methodtestinglabs.com)
2026-06-10 - 12:56:16 PM GMT

Document e-signed by Keith Browning (kabrowning@methodtestinglabs.com)
Signature Date: 2026-06-10 - 12:56:42 PM GMT - Time Source: server - Signature Appearance Selected: IMAGE

Agreement completed.
2026-06-10 - 12:56:42 PM GMT

Adobe Acrobat Sign